U.S. Department of Justice
United States Marshals Service

OH 303 / 721 / 2008



# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| *Identité et adresse du requérant* | *Adresse de l'autorité destinataire* |
| Jonathan B. Morton, Esq.<br>K&L Gates LLP<br>Wachovia Financial Center<br>200 South Biscayne Blvd. Suite 3900<br>Miami, Florida 33131<br>Tel:  305-539-3300 | Ministry of Justice<br>Eteläesplanadi 10<br>FIN-00130 Helsinki<br>Finland<br>Tel: 358-9-1606-7628<br>Fax: 358-9-1606-7524 |

**The undersigned applicant has the honour to transmit -- in duplicate-- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e., (identity and address)**
*Le requérant soussigné a l'honneur de faire parvenir--en double exemplaire--à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir:*
*(identité et adresse)*

GeoSentric OYJ, Meriniityn Katu 11, 24101 Salo, Finland

☒ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
*a) selon les formes légales (article 5 alinéa premier, lettre a).*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
*b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :*

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
*c) le cas échéant, par remise simple (article 5, alinéa 2).*

**The authority is requested to return or to have returned to the applicant a copy of the documents and of the annexes with a certificate as provided on the reverse side.**
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

List of documents
*Enumération des pièces*

Summons

Complaint for Declaratory Relief and exhibits thereto

Done at *Miami-Dade, FL*, the *3rd of November, 2008*
*Fait à _____, le _____*

Signature and/or stamp
*Signature et/ou cachet*

*Delete if inappropriate
Rayer les mentions inutiles.*

Form USM-94
Est. 11/77
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

# CERTIFICATE
## *ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
*1)  que la demande a été exécutée*
-- the (date) -- *le (date)*    17 November 2008
-- at (place, street, number) - *à (localité, rue, numéro)*
                                                          Salo

-- in one of the following methods authorized by article 5:
-- *dans une des formes suivantes prévues à l'article 5:*

[X] (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
*a) selon les formes légales (article 5. alinéa premier, lettre a)*

[ ] (b) in accordance with the following particular method:
*b) selon la forme particulière suivante:* _____

[ ] (c) by delivery to the addressee, who accepted it voluntarily.*
*c) par remise simple.*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*
- (identity and description of person)
- *(Identité et qualité de la personne)*
  Mr Tomi Raita,    Managing Director / Geosentric Oyd

- relationship to the addressee family, business or other
- *liens de parenté de subordination ou autres avec le destinataire de l'acte:*
_____

2) that the document has not been served, by reason of the following facts*:
*2) que la demande n'a pas été exécutée, en raison des faits suivants:*


In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*
Documents returned:
*Pieces renvoyées*
_____
_____
_____

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*
_____
_____

Done at  Helsinki , the 19 Nov. 2008
*Fait à* _____ , *le* _____

Signature and/or stamp
*Signature et/ou cachet*   Pia Tulu

Referendary   Pia Tulkki

# SUMMARY OF THE DOCUMENT TO BE SERVED
## *ÉLÉMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents In civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa quatre)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante:*

Brightstar Corp. c/o Jonathan Morton, Esq., K&L Gates LLP, 200 S. Biscayne, Ste. 3900, Miami, FL 33131

**Particulars of the parties:**
*Identité des parties:*

Brightstar Corp.; GeoSentric OYJ, f/k/a Benefon OYJ

## JUDICIAL DOCUMENT
### *ACTE JUDICIA IRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

Complaint for Declaratory Relief, filed in the United States District Court, Southern District of Florida

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige:*

Complaint for Declaratory Relief, filed in the United States District Court, Southern District of Florida

**Date and place for entering appearance:**
*Date et lieu de la comparution:*

20 days from service of Complaint for Declaratory Relief to respond; U.S. District Court, South. District of Fla

**Court which has given judgment\*\*:**
*Juridiction qui a rendu la décision:*

**Dale of judgment\*\*:**
*Date de la décision:*

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte:*

20 days from service of Complaint for Declaratory Relief to respond

## EXTRAJUDICIAL DOCUMENT
### *ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

**Time limits stated in the document:\*\***
*Indication des délais figurant dans l'acte:*

1.
**Yhdysvaltain oikeusministeriö**
Yhdysvaltain lähettipalvelu

2.
**JURIDISTEN TAI LAIN ULKOPUOLISTEN ASIAKIRJOJEN ULKOMAILLE TOIMITTAMISTA KOSKEVA PYYNTÖ**

3.
**Haagissa 15. marraskuuta 1965 allekirjoitettu yleissopimus kaupallisia tai siviiliasioita koskevien oikeudenkäynti- ja muiden asiakirjojen tiedoksiannosta ulkomaille.**

4.
**Hakijan henkilöllisyys ja osoite**

Jonathan B. Morton, Esq.
K&L Gates LLP
Wachovia Financial Center
200 South Biscayne Blvd. Suite 3900
Miami, Florida 33131
USA
Puh. +1 305 539 3300

5.
**Vastaanottavan viranomaisen osoite**

Oikeusministeriö
Eteläesplanadi 10
00130 Helsinki
Suomi
Puh. +358 (0)9 1606 7628
Faksi: +358 (0)9 1606 7524

6.
**Allekirjoittaneella hakijalla on kunnia toimittaa kahtena kappaleena seuraavassa luetellut asiakirjat ja edellä mainitun yleissopimuksen 5 artiklan nojalla pyytää toimittamaan viipymättä yhden kappaleen asiakirjoista vastaanottajalle, joka on (henkilöllisyys ja osoite)**

7.
GeoSentric OYJ, Meriniitynkatu 11, 24101 Salo, Suomi

8.
[x] (a) yleissopimuksen 5 artiklan ensimmäisen kohdan alakohdan a mukaisesti.*

[ ] (b) seuraavan erityisohjeen mukaisesti (5 artiklan ensimmäisen kohdan alakohta b)*:

9.
[ ] (c) toimittamalla ne vastaanottajalle, jos tämä vastaanottaa ne vapaaehtoisesti (5 artiklan toinen kohta)*:

10.
**Viranomaista pyydetään palauttamaan hakijalle kopio asiakirjoista ja liitteistä yhdessä kääntöpuolella olevan todistuksen kanssa.**

11.
Luettelo asiakirjoista

Haaste
Vahvistustuomio ja siihen liittyvät todisteet

12.
Paikka *Miami-Dade, FL*, aika *3. marraskuuta 2008*

Allekirjoitus ja/tai leima

13.
*Poistettava tarvittaessa

14.
Lomake USM-94
Arv. 11/77
(Aiemmin OBD-116, joka oli aiemmin LAA-116, joita voidaan molempia edelleen käyttää)

15.
**TODISTUS**

16.
Allekirjoittaneella viranomaisella on kunnia todistaa yleissopimuksen 6 artiklan mukaisesti,

17.
1) että asiakirja on annettu tiedoksi*
- päiväys _____
- paikka (paikkakunta, katu, numero) _____

18.
- yhdellä 5 artiklan mukaisilla tavoilla:

[ ] (a) yleissopimuksen 5 artiklan ensimmäisen kohdan alakohdan a mukaisesti

[ ] (b) seuraavalla erikoismenetelmällä: _____

[ ] (c) luovuttamalla asiakirjat vastaanottajalle, joka vastaanotti ne vapaaehtoisesti.*

19.
Asiakirjat, joita pyyntö koskee, on annettu tiedoksi seuraavalle vastaanottajalle:

- (henkilön henkilöllisyys ja kuvaus)

- suhde vastaanottajaan, perhe, työ tai muu

20.
2) että asiakirjaa ei ole annettu tiedoksi seuraavien tosiasioiden vuoksi*:

21.
Yleissopimuksen 12 artiklan toisen kohdan nojalla hakijaa pyydetään maksamaan tai korvaamaan oheisen selvityksen mukaiset kulut*

22.
LIITTEET

Palautetut asiakirjat:

23.
Soveltuvissa tilanteissa tiedoksiannon muodostavat asiakirjat:

24.
Suoritettu (paikka), (päiväys)

Allekirjoitus ja/tai leima

25.
**YHTEENVETO TIEDOKSI ANNETTAVASTA ASIAKIRJASTA**

**Haagissa 15. marraskuuta 1965 allekirjoitettu yleissopimus kaupallisia tai siviiliasioita koskevien oikeudenkäynti- ja muiden asiakirjojen tiedoksiannosta ulkomaille.**

26.
**(5 artikla, neljäs kohta)**

27.
**Vastaanottavan viranomaisen nimi ja osoite:**

Brightstar Corp. c/o Jonathan Morton, Esq., K&L Gates LLP, 200 S. Biscayne, Ste. 3900, Miami, FL 33131

**Osapuolten tiedot:**

Brightstar Corp.; GeoSentric OYJ, f/k/a Benefon OYJ

28.
**OIKEUDENKÄYNTIASIAKIRJA**

29.
**Asiakirjan luonne ja tarkoitus:**

Yhdysvaltain piirioikeudessa, Floridan eteläisellä alueella nostettu kanne vahvistustuomiota varten

**Oikeuskäsittelyn luonne ja tarkoitus ja soveltuvissa tilanteissa kiistanalainen summa:**

Yhdysvaltain piirioikeudessa, Floridan eteläisellä alueella nostettu kanne vahvistustuomiota varten

**Paikallesaapumispäivä ja paikka:**

<u>vastattava 20 päivän kuluessa vahvistustuomiota varten nostetun kanteen tiedoksiannosta;
Yhdysvaltain piirioikeus, Floridan eteläinen alue</u>

**Päätöksen tehnyt tuomioistuin**:**

**Päätöksentekopäivä**:**

**Asiakirjassa mainitut aikarajat**:**

<u>vastattava 20 päivän kuluessa vahvistustuomiota varten nostetun kanteen tiedoksiannosta</u>

30.
**MUU ASIAKIRJA**

**Asiakirjan luonne ja tarkoitus:**

**Asiakirjassa mainitut aikarajat:****



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BERLIN
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBAI
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PHOENIX
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Hyojin Park, hereby certify that the document "Request for Services Abroad of Judicial or Extra Judicial Document," is, to the best of my knowledge and belief, a true and accurate translation from English into Finnish.

Hyojin Park

Sworn to before me this
November 4, 2008

Signature, Notary Public

Pamela Boyle
Notary Public, State of New York
No. 01BO6181278
Qualified in NEW YORK County
Commission Expires  Jan 28,

Stamp, Notary Public

AO 440 (Rev. 10/2002) Summons in a Civil Case

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number:   08-20447-CIV-LENARD/GARBER

BRIGHTSTAR CORP., a
Delaware corp.,

                              Plaintiff

   v.

GEOSENTRIC OYJ, f/k/a
BENEFON OYJ, a foreign corp.      Defendant

### SUMMONS IN A CIVIL CASE

TO: (Name and address of defendant)

GeoSentric OYJ
Meriniityn Katu 11
24101 Salo, Finland

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Jonathan B. Morton, Esq.
K&L Gates LLP
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131

an answer to the complaint which is herewith served upon you, within _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

Steven M. Larimore                                          DATE     NOV 3 - 2008
CLERK OF COURT

(BY) DEPUTY CLERK

AO 440 (Rev. 10/2002) Summons in a Civil Case (Reverse)

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

    G   Served personally upon the defendant.  Place where served: _____

_____

    G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

        Name of person with whom the summons and complaint were left: _____

_____

    G   Returned unexecuted: _____

_____

_____

_____

    G   Other (*specify*): _____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL  $0.00 |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.<br><br>Executed on _____    _____<br>            Date                             Signature of Server<br><br>                                        Address of Server |

(1)     As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

1.
AO 440 (versio 10/2002) Haaste siviiliasiassa

2.
**YHDYSVALTAIN PIIRIOIKEUS**
**Floridan eteläinen alue**
Juttu nro: <u>08-20447-CIV-LENARD/GARBER</u>

3.
BRIGHTSTAR CORP., Delaware-konserniin kuuluva yhtiö,

                                      kantaja

vastaan

GEOSENTRIC OYJ, f/k/a
BENEFON OYJ, ulkomainen yhtiö

                                        vastaaja

4.
### HAASTE SIVIILIASIASSA

VASTAANOTTAJA: (vastaajan nimi ja osoite)

GeoSentric OYJ
Meriniitynkatu 11
24101 Salo, Suomi

5.
**TEIDÄT HAASTETAAN TÄTEN OIKEUTEEN** ja teitä vaaditaan antamaan tiedoksi
KANTAJAN ASIANAJAJALLE (nimi ja osoite)

Jonathan B. Morton, Esq.
K&L Gates LLP
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 3313, Yhdysvallat

6.
vastaus kanteeseen, joka täten toimitetaan tiedoksenne, <u>20</u> päivän kuluessa tämän haasteen
tiedoksiannosta. Jos ette tee niin, teille langetetaan tuomio poissa olevana kantajan esittämässä
asiassa. Teidän on myös toimitettava vastauksenne tämän tuomioistuimen notaarille kohtuullisessa
ajassa tiedoksiannosta.

7.
<u>**Steven M. Larimore**</u>
TUOMIOISTUIMEN NOTAARI

(PSTA) NOTAARIN SIJAINEN

8.
3. MARRASKUUTA 2008
PÄIVÄYS

9.
AO 440 (versio 10/2002) Haaste siviiliasiassa (kääntöpuoli)

10.
**TIEDOKSIANNON PALAUTUS**

11.
Annoin haasteen ja kanteen tiedoksi[1]
TIEDOKSIANTAJAN NIMI (PAINOKIRJAIMIN)
*Rastittakaa yksi alla olevista ruuduista merkiksi käytetystä tiedoksiantotavasta*

12.
PÄIVÄYS
ARVO

13.
G Annettu vastaanottajalle tiedoksi henkilökohtaisesti. Tiedoksiantopaikka:

G Jätin asiakirjan kopiot vastaajan talolle tai normaalille asuinpaikalle, missä oli paikalla sopivan ikäinen ja arvostelukykyinen henkilö.

Haasteen ja kanteen vastaanottaneen henkilön nimi:

G Palautetaan tiedoksiannon epäonnistuttua:

G Muu *(erittele)*:

14.

| MATKAT | ERITTELY PALVELUMAKSUISTA PALVELUT TIEDOKSIANTAJAN VAKUUTUS | YHTEENSÄ 0,00 $ |

15.
Vakuutan Amerikan Yhdysvaltojen lakien alaisen tuomioistuimen asettaman rangaistuksen uhalla, että tiedoksiannon palautuksen ja palvelumaksuja koskevan erittelyn sisältämät tiedot ovat oikeita ja virheettömiä.

16.
Suoritettu (päiväys)

17.
Tiedoksiantajan allekirjoitus

Tiedoksiantajan osoite

18.
(1) Katso liittovaltion siviilioikeudenkäyntiä koskevasta 4. säännöstä, kuka voi antaa haasteen tiedoksi.



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BERLIN
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBAI
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PHOENIX
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Hyojin Park, hereby certify that the document "Summons in Civil Case," is, to the best of my knowledge and belief, a true and accurate translation from English into Finnish.

Hyojin Park

Sworn to before me this
November 4, 2008

Signature, Notary Public

Pamela Boyle
Notary Public, State of New York
No. 01BO6181278
Qualified in NEW YORK County
Commission Expires Jan 28,

Stamp, Notary Public

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016   T 212.689.5555   F 212.689.1059   WWW.TRANSPERFECT.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **08-20447-CIV-LENARD/TORRES**

BRIGHTSTAR CORP., a Delaware
corporation,

        Plaintiff,

vs.

GEOSENTRIC OYJ, f/k/a BENEFON OYJ,
a foreign corporation,

        Defendant.

FILED by _JC_ D.C.
ELECTRONIC

**FEB. 20, 2008**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Brightstar Corp. ("Brightstar"), through undersigned counsel, hereby sues Geosentric Oyj, f/k/a Benefon Oyj ("Benefon") for a declaratory judgment pursuant to Rule 75 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. In support thereof, Plaintiff Brightstar alleges the following:

### INTRODUCTION

1.     Brightstar brings this action to request the Court resolve an actual, justiciable controversy between Brightstar and Benefon.

2.     Brightstar claims that pursuant to an unsigned purchase order, Benefon provided Brightstar with unsuitable products and refused to accept their return thus forcing Brightstar to store these products at its own expense. As a result, Brightstar claims that Benefon is responsible for the expenses Brightstar incurred storing the products and for accepting return of the unsuitable products at Benefon's expense.

3.     Benefon claims that Brightstar has breached its obligations under the unsigned purchase order by failing to purchase the unsuitable products.  As a result, Benefon claims that Brightstar is responsible for payment of all of the unsuitable products.

4.     Given these conflicting claims, Brightstar is unsure as to whether it owes any monies under the Purchase Order, and whether Benefon owes it money for the cost of storing the unsuitable products for Benefon, and whether Benefon is required to pay for the return of the Units to Benefon.

5.     Brightstar requests the Court enter a judgment declaring that Brightstar has performed its obligations under the unsigned purchase order, and that, as a result, Benefon is required to accept the return of the unsuitable products, at the expense of Benefon, and that Benefon is required to compensate Brightstar for the costs Brightstar incurred storing the products.

### PARTIES, JURISDICTION AND VENUE

6.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the value of the amount in controversy exceeds $75,000.00, exclusive of attorneys' fees, costs and interest.

7.     Plaintiff Brightstar is a Delaware corporation with its principal place of business in Miami-Dade County, Florida.

8.     Defendant Benefon is a foreign corporation headquartered in Salo, Finland.

9.     Personal jurisdiction is proper in Florida pursuant to § 48.193(1)(a) of the Florida Statutes because, at all times material hereto, Benefon operated, conducted, engaged in, or carried on a business or business venture in this State, and there is the requisite nexus between the business and this action.

2

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Benefon conducts business in this judicial district and because a substantial portion of the events giving rise to this action arose in this judicial district.

**GENERAL ALLEGATIONS**

**A.     THE UNSIGNED PURCHASE ORDER**

11.     On December 22, 2006, GEOS issued a purchase order to Benefon for the purchase of 27,000 Twig GPS/GSM units (the "GEOS Purchase Order"), which simultaneously was assigned by Benefon to Brightstar. A true and correct copy of the GEOS Purchase Order is attached as Exhibit A.

12.     Consequently, that same day, Brightstar issued an unsigned Purchase Order No. 035493 to Benefon, for the purchase of those 27,000 Twig GPS/GSM units in installments (the "Purchase Order"). A true and correct copy of the Purchase Order is attached as Exhibit B.

13.     The Purchase Order is based on the commitment of GEOS. Specifically, the Purchase Order provides that "[r]elease of these products are subject to customer technical approval." *See* Ex. B.

**B.     BENEFON SHIPS THE UNITS**

14.     Pursuant to the Purchase Order, on or about January 2, 2007, Benefon shipped the first 5,000 installment of Twig GPS/GSM units ("Units") to Brightstar in Miami-Dade County.

15.     However, on February 19, 2007, Benefon shipped an additional 5,000 Units to Brightstar in Miami-Dade County without Brightstar's approval.

16.     As a result of this error, on March 1, 2007, Benefon agreed that no payment would be due on the second shipment of 5,000 Units until Brightstar succeeded in selling the initial 5,000 Units to its customer, GEOS. A true and correct copy of the email from Christopher

3

Pay, Senior Vice President of Global Sales of Benefon, to Gerardo Monsalve, Director of Global Sales of Brightstar, which evidences this understanding, is attached as Exhibit C.

### C.   BENEFON DISCOVERS THE UNITS ARE DEFECTIVE

17.   In the interim, Benefon and Brightstar discovered that the Units had technical problems that rendered them defective.

18.   Consequently, on March 23, 2007, Benefon issued to Brightstar a Return Material Authorization ("RMA") for the return of the first shipment of the 5,000 Units to Benefon (the "First RMA").

19.   Benefon issued a subsequent RMA requesting that 2,000 defective Units from the second shipment of 5,000 Units be sorted and returned to Benefon (the "Second RMA").

20.   In accordance with the First RMA, Benefon retrieved the first shipment of the 5,000 Units from Brightstar's warehouse in the United States.

21.   Pursuant to the Second RMA, Benefon agreed that it would aid in the sorting of the defective Units from the second shipment of the 5,000 Units.

22.   The second RMA was never fulfilled by Benefon.

### D.   BRIGHTSTAR DISCOVERS THE UNITS ARE INOPERABLE IN THE UNITED STATES

23.   Subsequently, Brightstar discovered that, in addition to the Unit's technical defects, all of the Units sent by Benefon to Brightstar were programmed on a European bandwidth, thereby rendering the Units unsuitable for use in the United States.

24.   As a result, Brightstar could not, regardless of the corrections of the previously discovered defects, obtain GEOS' approval, or the approval of any United States customer, for the sale of the Units.

4

**E.    BRIGHTSTAR ATTEMPTS TO HELP BENEFON SELL THE INOPERABLE UNITS**

25.    Despite the unsuitability of the Units, Benefon refused to take return of the remaining Units.  Instead, Benefon pleaded with Brightstar to hold onto the Units and help Benefon sell the Units.

26.    As a favor to Benefon, Brightstar agreed to help Benefon for a short period of time by trying to sell the Units to its customers outside the United States.

27.    Benefon agreed that Brightstar would owe no payments on the Units unless the Units were sold.  Specifically, on May 21, 2007, Chris Pay wrote an email to Michael Tate, Brightstar's Vice President of Data Centric and Enterprise Devices, confirming that Benefon would not expect any payment for any of the remaining Units until they were sold on a "deal by deal basis."  A true and correct copy of the May 21, 2007 email is attached as Exhibit D.

28.    Despite Brightstar's voluntary, good faith efforts to solicit willing customers, Brightstar has been unable to sell the unsuitable, non-US-banded Units.

29.    While Brightstar has requested on numerous occasions that Benefon issue an RMA for the remaining unsuitable Units in Brightstar's possession, Benefon has refused.

30.    As a result, the entire second shipment of 5,000 Units is being housed in Brightstar's warehouse at Brightstar's expense.

**F.    THE ACTUAL AND JUSTICIABLE CONTROVERSY BETWEEN BRIGHTSTAR AND BENEFON**

31.    Brightstar claims that it is not required to incur the costs of paying for, storing, and/or shipping the unsuitable Units.

32.    Benefon, on the other hand, claims that Brightstar has breached its obligations under the Purchase Order.  Benefon erroneously claims that it was not required to provide Units

5

suitable for use to the customer, and that Chris Pay did not have authority to bind Benefon even though he was Benefon's Vice-President Global Sales.

33.      As a result, Benefon refuses to take return of the Units at its expense, and claims that Brightstar is responsible for payment of all of the unsuitable Units.

## COUNT I: DECLARATORY JUDGMENT

34.      Plaintiff Brightstar repeats and realleges Paragraphs 1 through 33 as if fully incorporated herein.

35.      This is an action for declaratory relief pursuant to Rule 75 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, for the purpose of determining an actual and justiciable controversy between Brightstar and Benefon concerning the Purchase Order.

36.      As set forth more fully above, the Purchase Order provided that release of the units was "subject to customer technical approval." *See* Ex. B.

37.      As set forth more fully above, all of the Units Benefon provided to Brightstar were non-US-banded and therefore unsuitable for use in the United States.  As a result, Brightstar was unable to obtain customer technical approval for the Units.

38.      As set forth more fully above, Brightstar voluntarily agreed to help Benefon to sell the units, and Benefon represented that it would not expect payment for any of the Units until they were sold on a "deal by deal basis." *See* Ex. D

39.      As set forth more fully above, Brightstar, despite its voluntary, god faith efforts, was unable to find a willing customer.  Consequently, Brightstar has housed these Units in its warehouse at its own expense.

40.      Brightstar claims that it is not required to incur the costs of paying for, storing, and/or shipping the unsuitable Units.

6

41.      As a result, Brightstar further claims that Benefon should pay for the storage costs incurred by Brightstar and should be required to accept the return of the Units at its own expense.

42.      Benefon, on the other hand, claims that Brightstar has breached its obligations under the Purchase Order by failing to pay for the Units.

43.      As a result of this dispute, the facts show an actual, substantial controversy of adverse legal interests between Brightstar and Benefon.

### DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff Brightstar Corp. respectfully requests that this Court enter a judgment declaring that:

1) Brightstar has fulfilled its obligations under the Purchase Order;

2) Brightstar does not owe Benefon any monies under the Purchase Order for payment, storage, and/or shipment of the Units;

3) Benefon is required to accept return of the Units at Benefon's expense;

4) Benefon is required to reimburse Brightstar for costs incurred to date in storing the Units; and

5) Any such other relief as may be proper.

7

Dated:  February 20, 2008
        Miami, Florida

Respectfully submitted,


/s/ *Jonathan B. Morton*
Jonathan B. Morton
Florida Bar No.
jonathan.morton@klgates.com
Melissa D. Sanchez
Florida Bar No. 0018213
melissa.sanchez@klgates.com
**KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS** LLP
Wachovia Center – 20th Floor
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305.539.3300
Facsimile:  305.358.7095

Attorneys for Plaintiff
*Brightstar Corp.*

8



**TRAVEL SAFETY GROUP**
Suite 441, 13401-9 Summerlin Rd
Ft Myers, FL 22919
USA
Tel: +1 (239) 415 0958

| Address:              | PO NO.: | P0612-01          |
|-----------------------|---------|-------------------|
| Brightstar Corporation | Date:   | 22nd December 2006 |
| 2010 NW 84th Ave       |         |                   |
| Miami, FL 33122        |         |                   |

## PURCHASE ORDER

| Qty | Description | Unit Price (USD) | Subtotal |
|-----|-------------|------------------|----------|
| 27000 | TWIG Discovery | $458.00 | $12,366,000.00 |
| | | $0.00 | $0.00 |
| | | $0.00 | $0.00 |
| | | $0.00 | $0.00 |
| | | | |
| | | $0.00 | $0.00 |
| | | $0.00 | $0.00 |
| | | | |
| | | $0.00 | $0.00 |
| | | **SUB-TOTAL** | $12,366,000.00 |
| | | | |
| | | Total (USD) | $12,366,000.00 |

This Purchase Order replaces PO611-02 dated 30th November 2006 to Benefon Oyj, subject to agreement by Benefon Oyj, and which has been assigned by Benefon to Brightstar Corporation. In line with the terms of issue of PO611-02, this PO is issued subject to the Terms of the Heads of Agreement (Clause 3) between Benefon Oyj and the Company dated 14th November 2006

PO authorised:

BOB DAVIS
CEO

EXHIBIT
A



**Brightstar Corporation**
2010 NW 84th Avenue
Miami, FL 33122
Phone: (305) 477-8676
Fax:

| | PURCHASE ORDER |
|---|---|
| Purchase Order No. | 035493 |
| Revision No. | 6 |
| Order Date | 12/22/2006 |
| Order Type | Regular Order |
| Vendor ID | 1310000BENE100 |
| Customer PO Nbr | |

**TO:**
BENEFON OYJ
Chris Pay
Merinlitynkatu 11
SALLO,
FI Finland

**SHIP TO:**
Brightstar Corporation
2010 NW 84th Avenue
Miami, FL 33122

**PICK UP ADDRESS:**
BENEFON OYJ
Chris Pay
Merinlitynkatu 12FIN 24100
SALLOFinland

**BILL TO:**
Brightstar Corporation
2010 NW 84th Avenue
Miami, FL 33122

**REQUIREMENT - A packing list or invoice must be included in every shipment.**

Confirm to:                                                        PAGE BENEFON OYJ

| INCO TERMS | SHIP VIA | BUYER |
|---|---|---|
| Delivered Duty Paid | DELIVER TO CUSTOMER | Alina Alvarez |

| ORDER DATE | TERMS |
|---|---|
| 12/22/2006 | NET 30 DAYS FROM INVOICE DATE |

| LINE | PART NUMBER | QTY ORD | RCVD | BO | SITE ID | DATE REQUIRED / PR | | UNIT COST | EXT. PRICE |
|---|---|---|---|---|---|---|---|---|---|
| | Notes: | | | | | | | | |
| 2 | TWIG----BMI-GS989G1 | 5,000 | 5,000 | | 00003 | 1/2/2007 | 1/2/2007 | 400.7500 | 2,003,750.00 |
| | TWIG BRIGHTSTAR MIAMI - GENERIC | | | | | | | | |
| 3 | TWIG----BMI-GS989G1 | 5,000 | | 5,000 | 00003 | 2/1/2007 | 2/2/2007 | 400.7500 | 2,003,750.00 |
| | TWIG BRIGHTSTAR MIAMI - GENERIC | | | | | | | | |
| 4 | TWIG----BMI-GS989G1 | 5,000 | | 5,000 | 00003 | 3/3/2007 | 3/3/2007 | 400.7500 | 2,003,750.00 |
| | TWIG BRIGHTSTAR MIAMI - GENERIC | | | | | | | | |
| 5 | TWIG----BMI-GS989G1 | 7,000 | | 7,000 | 00003 | 5/2/2007 | 5/2/2007 | 400.7500 | 2,805,250.00 |
| | TWIG BRIGHTSTAR MIAMI - GENERIC | | | | | | | | |

Special Remarks:

1.-Release of these products are subject to customer technical approval.
2.-Shipping dates may vary depending on market demand, Brightstar Corp. will notify vendor in advance if any changes occurs.
3.-One year warranty and seed stock to be provided by vendor.

Originator Signature: _____ Date: _____

Approval Signature _____ Date: _____

**THIS PURCHASE ORDER IS ONLY VALID WITH APPROVAL SIGNATURE**

Vendor hereby represents and warrants to Brightstar Corp. that in the performance of its obligations under this Purchase Order, Vendor shall comply with all applicable United States, foreign and international laws, rules and regulations, including, without limitation, the Foreign Corrupt Practices Act and applicable trademark, patent and copyright laws. Vendor shall indemnify Brightstar Corp. for any losses, damages, costs and expenses (including reasonable attorney's fees) incurred by Brightstar Corp. or any of its affiliates as a result of Vendor's breach of the foregoing representation.

| ORDER TOTAL | 8,816,500.00 |
|---|---|



EXHIBIT
B

Jenkins, Shamele A

| | |
|---|---|
| **From:** | Chris Pay [Chris.Pay@benefon.com] |
| **Sent:** | Thursday, March 01, 2007 10:25 AM |
| **To:** | Gerardo Monsalve |
| **Subject:** | BRIGHTSTAR // HEL-24023956 |

Hi Gerardo,

Further our discussion can you please arrange to pick up the shipment of TWIG Discovery units (5000) pieces Currently in Miami.

Can you please transport to your warehouse.

We will not require payment for these units until after we receive payment for the first 5,000 unit order.

Thanks,

Chris.

# Christopher Pay
**Senior Vice President Global Sales**

## twig

M:  +44 (0) 7725 962 179
T:  +44 (0) 1753 752 464
F:  +44 (0) 1753 752 233
E:  chris.pay@benefon.com
W:  www.benefon.com

**Benefon UK, Thames Court, 1 Victoria Street, Windsor, Berkshire. SL4 1YB**

Disclaimer and Confidentiality Notice: Benefon accepts no responsibility or liability whatsoever with regard to the information herein contained. This message including any attachment hereof is confidential and may be privileged or otherwise legally protected from disclosure and may only be read, copied and used by the intended recipient. If you are not the intended recipient, please contact the sender immediately (+44 1753 752 464) and delete this email and any attachment permanently from your system. You must not copy this email or any attachment or disclose its/their contents to any other person or entity.



EXHIBIT

C

Benefon                                                                           Page 1 of 1
Case 1:08-cv-20447-JAL      Document 1      Entered on FLSD Docket 02/21/2008   Page 12 of 13

**Jenkins, Shamele A**

| | |
|---|---|
| **From:** | Chris Pay [Chris.Pay@benefon.com] |
| **Sent:** | Monday, May 21, 2007 4:39 AM |
| **To:** | Mike Tate; Gerardo Monsalve |
| **Subject:** | Benefon |

Good Morning Mike,

As per our recent telephone conversation.

This is confirmation that we fully understand your position on the existing 5000 units in you Miami warehouse.

We will continue to work closely with you team to get the quickest sell through possible, and we do not expect payment
untill the units are sold.
On a deal by deal basis.

Thanks for your help,

Chris.

Christopher Pay

Senior Vice Pesident Sales



**JS 44** (Rev. Case 1:08-cv-20447-JAL   Doc**CIVIL COVER SHEET**SD Docket 02/21/2008   Page 13 of 13

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brightstar Corp., a Delaware corporation | Geosentric OYJ, f/k/a Benefon OYJ, a foreign corporation |

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jonathan B. Morton, Esq.
K&L GATES, 200 S. Biscayne Blvd, 20th Floor, Miami, FL 33131
Telephone: (305) 539-3357

Attorneys (If Known)

*Dade 108 ~ 20447-Clo- Lenard Torres*

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only) | | | |
|---|---|---|---|---|

| | | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☑ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☑ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO
JUDGE _____   DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
LENGTH OF TRIAL via  4  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE   February 20, 2008

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 975316   IFP
02/20/08



Asia no 1:08-cv-20447-JAL  Aslakirja 1  Merkitty Floridan eteläisen piirikunnan alioikeuden rekisteriin 21.2.2008

FLORIDAN (USA) ETELÄISEN PIIRIKUNNAN ALIOIKEUS
(UNITED STATES DISTRICT COURT, SOUTHERN DISCTRICT OF FLORIDA)

ASIA NRO 08-20447-CIV-LENARD/TORRES

Leima:
Rekisteröity elektronisesti 20.2.2008
Clarence Maddox, alioikeuden kirjuri
District Court, Southern District of Florida,
Miami, USA

Kantaja:

BRIGHTSTAR CORPORATION
Delawaressa toimiva yritys

Vastaaja:

GEOSENTRIC OYJ, entiseltä nimeltä BENEFON OYJ,
ulkomainen yritys

---

VAHVISTUSKANNE

Kantaja Brightstar Corp. ("Brightstar") haastaa allekirjoittancen asiamiehensä välityksellä Geosentric Oyj -yrityksen, entiseltä nimeltään Benefon Oyj ("Benefon"), USA:n liittovaltion oikeudenkäymiskaaren säädöksen nro 75 ja USA:n lain kohdan 28 U.S.C § 2201 perusteella oikeuteen vahvistustuomion saamiseksi seuraavassa asiassa:

JOHDANTO

1. Tällä kanteella Brightstar hakee tuomioistuimen ratkaisua Brightstarin ja Benefonin välillä vallitsevaan tuomioistuinkäsittelyyn soveltuvaan riita-asiaan.

2. Brightstar katsoo, että Benefon on allekirjoittamattoman toimeksiannon perusteella toimittanut Brightstarille epäsopivia tuotteita ja kieltäytymällä hyväksymästä tuotteiden palauttamisen pakottanut Brightstarin varastoimaan tuotteet Brightstarin kustannuksella. Tästä johtuen Brightstar katsoo,



että Benefon on velvollinen korvaamaan Brightstarille tuotteiden varastoinnista koituneet kustannukset ja suostumaan epäsopivien tuotteiden palauttamiseen Benefonin kustannuksella.

3. Kieltäytymällä ostamasta epäsopivia tuotteita Brightstar on Benefonin mukaan rikkonut sille yllä mainitun allekirjoittamattoman tilauksen perusteella kuuluvia velvoitteita. Siksi Benefon katsoo, että Brightstarin on maksettava kaikki epäsopivat tuotteet.

4. Koska yllä mainitut vaatimukset ovat keskenään ristiriidassa, Brightstar on epävarma siitä, onko se ostotilauksen perusteella (Benefonille) velkaa, ja onko Benefon Brightstarille velkaa kustannuksista, jotka ovat syntyneet epäsopivien tuotteiden varastoimisesta Benefonin puolesta, lisäksi onko Benefon velvollinen maksamaan tuotteiden Benefonille palauttamisen kustannukset.

5. Brightstar pyytää tuomioistuinta antamaan päätöksen, joka vahvistaa Brightstarin täyttäneen allekirjoittamattoman ostotilauksen mukaiset velvoitteensa ja Benefonin olevan velvollinen hyväksymään epäsopivien tuotteiden palauttamisen Benefonin kustannuksella sekä korvaamaan Brightstarille tuotteiden varastoinnista syntyneet kustannukset.

## RIITA-ASIAN OSAPUOLET, SOVELLETTAVA LAKI, OIKEUSPAIKKA

6. USA:n lain kohdan 28 U.S.C. § 1332 mukaan tämä tuomioistuin on toimivaltainen sellaisessa kahden eri valtion kansalaisia koskevassa riita-asiassa, jonka arvo ilman asianajopalkkioita, kustannuksia ja korkoja on enemmän kuin $75.000,00.

7. Kantaja, Brightstar, on delawarelainen yhtiö, jonka päätoimipaikka sijaitsee Miamissa, Miami-Dade County'ssa, Floridassa.

8. Vastaaja, Benefon, on ulkomainen yritys, jonka päätoimipaikka sijaitsee Salossa, Suomessa.

9. Floridan lain § 48.193(1)(a) mukaan Florida soveltuu tässä kyseessä olevia henkilöitä koskevien riita-asioiden oikeuspaikaksi, koska Benefon on kaikkina tämän asian kannalta olennaisina ajankohtina hoitanut ja harjoittanut liiketoimintaansa Floridan osavaltiossa. Siten Benefonin harjoittaman liiketoiminnan ja kanteen välillä on tarvittava paikallinen yhteys.

10. USA:n lain kohdan 28 U.S.A. § 1391(a) mukaan tämä tuomioistuin sopii tässä kysymyksessä olevan asian käsittelyyn, koska Benefon harjoittaa liiketoimintaansa tämän tuomiopiirin alueella ja olennainen osa tähän kanteeseen johtaneista asioista on tapahtunut tässä tuomiopiirissä.



2

Asia no 1:08-cv-20447-JAL  Asiakirja 1  Merkitty Floridan eteläisen piirikunnan alioikeuden rekisteriin 21.2.2008

YLEISET VÄITTÄMÄT

A.      ALLEKIRJOITTAMATON TILAUS

11. GEOS antoi 22. joulukuuta 2006 Benefonille tilauksen ("GEOSin ostotilaus") 27.000 Twig GPS/GSM –tuotteen ostamiseksi, minkä tilauksen Benefon saman tien välitti Brightstarille. GEOSin ostotilauksen aito ja oikea jäljennös on liitteenä (Liite A).

12. Vielä samana päivänä, Brightstar antoi Benefonille allekirjoittamattoman tilauksen nro 035493 ostaakseen mainitut 27.000 Twig GPS/GSM–laitetta vähittäin ("Ostotilaus"). Tämän ostotilauksen aito ja oikea jäljennös on liitteenä (Liite A).

13. Ostotilaus perustuu GEOSin sitoumukseen. Tilauksessa todettiin erityisesti, että "näiden tuotteiden vastaanottaminen edellyttää asiakkaan tuotteille antamaa teknistä hyväksyntää." *Ks.* Liite B.

B.      BENEFON LÄHETTÄÄ TUOTTEET

14. Tilauksen perusteella Benefon lähetti vuoden 2007 tammikuun 2. päivän paikkeilla ensimmäisen 5.000 kappaleen erän Twig GPS/GSM–tuotteita Brightstarille Miamiin (Miami-Dade County),

15. Kuitenkin Benefon lähetti 19. helmikuuta 2007 vielä toisen 5.000 tuotteen erän Brightstarille Miamiin (Miami-Dade County) ilman Brightstarin lupaa.

16. Tämän erehdyksen johdosta Benefon sitoutui 1. maaliskuuta 2007 olemaan vaatimatta toisesta 5.000 tuotteen lähetyksestä maksua, ennen kuin Brightstar olisi onnistunut myymään asiakkaalleen, GEOSille, ensimmäisen 5.000 tuotteen erän. Aito ja oikea jäljennös sähköpostista, jonka Benefonin globaalista myynnistä vastaava varajohtaja Christopher Pay on lähettänyt Brightstarin globaalin myynnin johtajalle Gerardo Monsalvelle, on liitteenä (Liite C).

C.      BENEFON TOTEAA TUOTTEET VIALLISIKSI

17. Benefon ja Brightstar totesivat sittemmin, että tuotteet olivat teknisten ongelmien vuoksi viallisia.

18. Tämän johdosta Benefon antoi Brightstarille 23. maaliskuuta 2007 virallisen luvan



3

("Return Material Authorization") ensimmäinen 5.000 tuotteen toimituserän palauttamiseen Benefonille ("Ensimmäinen RMA").

19. Sittemmin Benefon antoi vielä toisen RMA-luvan, jonka perusteella toisesta 5.000 tuotteen toimituserästä tuli erotella ja palauttaa Benefonille 2.000 viallista tuotetta ("Toinen RMA").

20. Ensimmäisen RMA-luvan perusteella Benefonille palautettiin Brightstarin USA:n varastolta ensimmäinen 5.000 tuotteen toimituserä.

21. Toisen RMA-luvan mukaan Benefon oli sitoutunut auttamaan viallisten tuotteiden erottelemisessa toisesta toimituserästä.

22. Benefon ei koskaan noudattanut toista RMA:ta.

D.      BRIGHTSTAR TOTEAA, ETTEIVÄT TUOTTEET TOIMI USA:SSA

23. Sittemmin Brightstar totesi, että tuotteissa olevien teknisten vikojen lisäksi kaikki Benefonin Brightstarille lähettämät tuotteet oli ohjelmoitu eurooppalaisen kaistanleveyden mukaan, minkä vuoksi niitä ei voinut USA:ssa käyttää.

24. Tästä syystä Brightstar ei aiemmin todettujen vikojen korjaamisesta huolimatta voinut saada GEOSia tai mitään USA:n asiakasta hyväksymään tuotteiden myyntiä.

E.      BRIGHTSTAR YRITTÄÄ AUTTAA BENEFONIA MYYMÄÄN KÄYTTÖÖN KELPAAMATTOMAT TUOTTEET

25. Tuotteiden kelpaamattomuudesta huolimatta Benefon ei suostunut jäljelle jääneiden tuotteiden palauttamiseen, vaan pyysi Brightstaria pitämään tuotteet ja auttamaan Benefonia niiden myynnissä.

26. Palveluksena Benefonille Brightstar sitoutui auttamaan Benefonia lyhyen aikaa



4

yrittämällä myydä tuotteet USA:n ulkopuolisille asiakkailleen.

27. Benefon suostui siihen, ettei Brightstarin tarvinnut maksaa tuotteista, ellei niitä ollut saatu myydyksi. Chris Pay lähetti 21. toukokuuta 2007 Brightstarin datakeskeisten ja yrityssovellusten varajohtajalle Michael Tatelle sähköpostin, joka vahvisti, ettei Benefon odottanut maksua jäljelle jääneistä tuotteista, ennen kuin ne oli myyty "yksi kerrallaan". Mainitun 21. toukokuuta 2007 lähetetyn sähköpostin aito ja oikea jäljennös on *Liitteessä D*.

28. Huolimatta Brightstarin omaehtoisista, vilpittömistä yrityksistä löytää tuotteille halukkaita ostajia Brightstar ei pystynyt myymään epäkelvollisia, kaistanleveydeltään USA:han soveltumattomia tuotteita.

29. Brightstar on lukuisissa yhteyksissä pyytänyt Benefonilta RMA-palautuslomaketta Brightstarin hallussa vielä olevien epäsopivien tuotteiden palauttamiseksi, mutta Benefon ei ole suostunut sellaista antamaan.

30. Tästä syystä koko toinen 5.000 tuotteen lähetys on varastoitu Brightstarin varastoon Brightstarin kustannuksella.

F.      BRIGHTSTARIN JA BENEFONIN VÄLINEN RIITA-ASIA, JOHON HAETAAN TUOMIOISTUIMEN RATKAISUA

31. Brightstar ei katso olevansa velvollinen maksamaan epäsopivia tuotteita eikä niiden varastointi- ja/tai lähettämiskustannuksia.

32. Benefon puolestaan katsoo, että Brightstar on rikkonut sille ostotilauksen perusteella kuuluvia velvollisuuksia. Benefon väittää virheellisesti, ettei siltä vaadittu asiakkaiden käyttöön soveltuvien tuotteiden toimittamista ja ettei Chris Paylla ollut valtuuksia sitoa Benefonia, vaikka Chris Pay on Benefonin globaalisen myynnin varajohtaja (Vice President Global Sales).



5

33.  Benefon ei suostu tuotteiden palauttamiseen Benefonin kustannuksella ja katsoo Brightstarin olevan velvollinen maksamaan kaikki epäsopivat tuotteet.

## KOHTA I: VAHVISTUSTUOMIO

34.  Kantaja Brightstar toistaa ja esittää uudelleen kohdissa 1-33 esiintuomansa väitteet seuraavasti:

35.   Tällä   haasteella   tuomioistuimelta   haetaan   USA:n   liittovaltion oikeudenkäymiskaaren säädöksen nro 75 ja USA:n lain kohdan 28 U.S.C § 2201 mukaisesti vahvistustuomiota, jolla Brightstarin ja Benefonin välinen ostotilaukseen liittyvä, oikeuskäsittelyyn soveltuva kiista voidaan ratkaista.

36. Kuten yllä on tarkemmin esitetty, ostotilauksen mukaan tuotteiden luovutus "edellytti asiakkaan tuotteille antamaa teknistä hyväksyntää". *Ks.* Liite B.

37. Kuten yllä on tarkemmin esitetty, kaikki Benefonin Brightstarille toimittamat tuotteet ovat kaistanleveydeltään USA:han soveltumattomia, minkä vuosi niitä ei voi USA:ssa käyttää. Tästä syystä Brightstar ei ole voinut saada tuotteille asiakkaan teknistä hyväksyntää.

38.   Kuten yllä on tarkemmin esitetty, Brightstar on omaehtoisesti suostunut auttamaan Benefonia tuotteiden myymisessä ja Benefon on ilmoittanut, ettei se odota saavansa tuotteista maksua, ennen kuin ne on myyty "tuote kerrallaan". *Ks.* Liite D.

39.   Kuten yllä on tarkemmin esitetty, Brightstar ei omaehtoisista, vilpittömistä yrityksistään huolimatta ole onnistunut löytämään tuotteille halukkaita ostajia, minkä vuoksi Brightstar on säilyttänyt tuotteita varastossaan omalla kustannuksellaan.



6

Asia no 1:08-cv-20447-JAL  Asiakirja 1  Merkitty Floridan eteläisen piirikunnan alioikeuden rekisteriin 21.2.2008

40.  Brightstar katsoo, ettei sitä voida vaatia maksamaan epäsopivia tuotteita eikä niiden varastoimisesta ja/tai lähettämisestä koituvia kustannuksia.

41.  Siksi Brightstar vaatii Benefonia maksamaan Brightstarille syntyneet varastointikustannukset ja hyväksymään tuotteiden palauttamisen Benefonin kustannuksella.

42.  Benefon puolestaan väittää Brightstarin rikkoneen sille ostotilauksen perusteella kuuluvia velvollisuuksia, koska Brightstar ei ole maksanut tuotteita.

43.  Kiistaan liittyvät tosiseikat osoittavat, että Brightstarin ja Benefonin välillä on tällä hetkellä vastakkaisten oikeudellisten etujen välinen olennainen ristiriita.


## VAHVISTUSTA KOSKEVA PYYNTÖ


EDELLÄ  ESITETYN  PERUSTEELLA  kantaja,  Brightstar  Corporation,  pyytää kunnioittaen tuomioistuinta antamaan päätöksen, joka vahvistaa, että:

1) Brightstar on täyttänyt sille ostotilauksen perusteella kuuluvat velvollisuudet;

2) Brightstar ei ole ostotilauksen perusteella Benefonille velkaa toimitetuista tuotteista eikä tuotteiden varastoimisesta ja/tai lähettämisestä;

3) Benefon on velvollinen hyväksymään tuotteiden palauttamisen Benefonin kustannuksella;

4) Benefon on velvollinen korvaamaan Brightstarille tuotteiden varastoimisesta tähän mennessä syntyneet kustannukset sekä

5) mahdolliset muut kohtuulliset kustannukset.



7

Asia no 1:08-cv-20447-JAL Asiakirja 1 Merkitty Floridan eteläisen piirikunnan tuomioistuimen rekisteriin 21.2.2008

Aika ja paikka:

20. helmikuuta 2008
Miami, Floria

Kunnioittaen:

(allekirj.) Jonathan B. Morton
Jonathan B. Morton
Floridan asianajajaliiton jäsen;
jäsennumero:
jonathan.morton@klgates.com
Melissa D. Sanchez
Floridan asianajajaliiton jäsen;
jäsennumero: 0018213
melissa.sanchez@klgates.com
**KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS** LLP
Wachovia Center – 20th Floor
200 South Biscayne Boulevard
Miami, Florida 33131
Puh.  305 539 3300
Faksi: 305 358 7095
Kantajan,
*Brightstar Corporation,*
asianajajat

Käännöksen oikeaksi todistaa:

Vantaa, 4.10.2009
(Marja-Liisa Sinivaara)

Virallinen kääntäjä

8



Asia nro 1:08-cv-20447-JAL  Asiakirja 1   Merkitty Floridan eteläisen piirikunnan alioikeuden rekisteriin 21.2.2008

TRAVEL SAFETY GROUP
Suite 441, 13401-9 Summerlin Rd.
Ft Myers, FL 22919
USA
Puh. +1 (239) 415 0958

Osoite:
Brightstar Corporation
2010 NW 84th Ave
Miami, FL 33122

Ostotilaus nro:  P0612-01
Päiväys:  22. joulukuuta 2006

OSTOTILAUS

| Määrä | Kuvaus | Yksikköhinta (USD) | Välisumma |
|---|---|---|---|
| 27000 | TWIG Discovery | $458,00 | $12.366.000,00 |
| | | $0,00 | $0,00 |
| | | $0,00 | $0,00 |
| | | $0,00 | $0,00 |
| | | | |
| | | $0,00 | $0,00 |
| | | $0,00 | $0,00 |
| | | | |
| | | $0,00 | $0,00 |
| | VÄLISUMMA | | $12.366.000,00 |
| | Yhteensä (USD) | | $12.366.000,00 |

Benefonin suostumuksella tämä ostotilaus korvaa Benefonille 30. marraskuuta 2006 annetun tilauksen PO611-02, jonka Benefon on toimittanut Brightstar Corporation -yhtiölle. Kuten tilaukseen PO611-02 myös tähän tilaukseen sovelletaan Benefon Oyj:n ja yhtiön välillä 14. marraskuuta 2006 solmitun sopimuksen pääkohtiin sisältyviä ehtoja (kohta 3).

Tilauksen valtuuttanut:
(allekirj.) (epäselvä)
Bob Davis
Toimitusjohtaja

LIITE
A

Käännöksen oikeaksi todistaa:
Vantaa, 4.10.2008
(Marja-Liisa Sinivaara)
Virallinen kääntäjä

Asia nro 1:08-cv-20447-JAL  Asiakirja 1  Merkitty Floridan eteläisen piirikunnan alioikeuden rekisteriin 21.2.2008

Brightstar Corporation
2010 NW 84th Ave
Miami, FL 33122
Puh. (305) 477-8676

**OSTOTILAUS**

| | |
|---|---|
| Ostotilauksen nro | 035493 |
| Tarkastusnumero | 6 |
| Tilauspäivä | 22.12.2006 |
| Tilaustyyppi | Tavanomainen |
| Myyjän tunnus | 1310000BENE100 |
| Asiakkaan tilauksen nro | |

| VASTAANOTTAJA: | LÄHETYSOSOITE: |
|---|---|
| Benefon Oyj<br>Chris Pay<br>Meriniitynkatu 11<br>SALLO,  FI Suomi | Brightstar Corporation<br>2010 NW 84th Avenue<br>Miami, FL 33122 |

| NOUTO-OSOITE: | LASKUTUSOSOITE: |
|---|---|
| Benefon Oyj<br>Chris Pay<br>Meriniitynkatu 12FIN 24100<br>SALLO,  FI Suomi | Brightstar Corporation<br>2010 NW 84th Avenue<br>Miami, FL 33122 |
| VAATIMUS: Jokaiseen lähetykseen on liitettävä pakkausluettelo tai lasku. | |

| INCOTERMS | LAIVA/KAUTTA | OSTAJA |
|---|---|---|
| Toimitetaan tulli maksettuna | TOIMITUS ASIAKKAALLE | Alina Alvarez |

| TILAUSPÄIVÄ | MAKSUEHDOT |
|---|---|
| 22.12.2006 | LASKUN PÄIVÄMÄÄRÄSTÄ 30 PÄIVÄÄ NETTO |

| Tuote | Osanumero | Määrä | Vastaanotettu | Paikka | Päivä | Yksikköhinta | Ulk. hinta |
|---|---|---|---|---|---|---|---|
| 2 | TWG—BMI-GS989G1<br>TWG—BRIGHTSTAR MIAMI-GENERIC | 5.000 | 5.000 | 0003 | 1.2.2007 | 400.7500 | 2.003.750,00 |
| 3 | TWG—BMI-GS989G1<br>TWG—BRIGHTSTAR MIAMI-GENERIC | 5.000 | 5.000 | 0003 | 2.2.2007 | 400.7500 | 2.003.750,00 |
| 4 | TWG—BMI-GS989G1<br>TWG—BRIGHTSTAR MIAMI-GENERIC | 5.000 | 5.000 | 0003 | 3.3.2007 | 400.7500 | 2.003.750,00 |
| 5 | TWG—BMI-GS989G1<br>TWG—BRIGHTSTAR MIAMI-GENERIC | 7.000 | 7.000 | 0003 | 5.2.2007 | 400.7500 | 2.805.750,00 |

Huomautuksia:
1 - Näiden tuotteiden vastaanottaminen edellyttää asiakkaan teknistä hyväksyntää
2 - Lähetyspäivät voivat vaihdella markkinoiden kysynnän mukaan. Brightstar Corp. informoi myyjää muutoksista etukäteen.
3 - Myyjän myönnettävä 1 vuoden takuu ja huolehdittava varmuusvarastosta.

| | |
|---|---|
| Laatijan allekirjoitus        : _____ | Päivämäärä_____ |
| Hyväksyjän allekirjoitus:    _____ | Päivämäärä_____ |

TÄMÄ OSTOTILAUS ON VOIMASSA AINOASTAAN HYVÄKSYJÄN ALLEKIRJOITTAMANA.

Myyjä vakuuttaa ja takaa Brightstar Corporationille noudattavansa tähän ostotilaukseen perustuvia velvollisuuksiaan suorittaessaan kaikkia sovelluvia USA:laisia, ulkomaisia ja kansainvälisiä lakeja, määräyksiä ja säädöksiä. Näihin kuuluvat rajoituksetta myös liittovaltion Foreign Corrupt Practices Act -laki sekä soveltuvat tuotemerkki-, patentti- ja tekijänoikeuslakien säädökset. Myyjän on korvattava Brightstarille kaikki hävikki ja kaikki vahingot, kulut ja kustannukset (mukaan lukien kohtuulliset asianajopalkkiot), joita Brightstar Corporationille tai sen kumppaneille saattaa aiheutua siitä, ettei myyjä ole noudattanut yllä mainittua sitoumusta.

Käännöksen oikeaksi todistan:
Vantaa, 4.10.2008

*(signature)*
(Marja-Liisa Sinivaara), virallinen kääntäjä

TILAUS YHTEENSÄ:  8.816.500,00

LIITE
B



Asia nro 1:08-cv-20447-JAL  Asiakirja 1   Merkitty Floridan eteläisen piirikunnan alioikeuden rekisteriin 21.2.2008

**Jenkins, Shamele A**

Lähettäjä:         Chris Pay [Chris.Pay@benefon.com]
Aika:              Maanantai, 1. maaliskuuta 2007 klo 10:25 AM
Vastaanottaja(t):  Gerardo Monsalve
Asia:              BRIGHTSTAR // HEL-24023956


Hei, Gerardo,

puhelinkeskusteluumme viitaten pyydän huolehtimaan TWIG Discovery -tuotteita (5.000 kpl) käsittävän lähetyksen noutamisesta. Lähetys on nyt Miamissa.

Voitteko kuljettaa tuotteet varastoonne?

Emme vaadi maksua näistä tuotteista, ennen kuin olemme saaneet maksun ensimmäisestä 5.000 tuotteen tilauksesta.

Kiitos.

Chris

**Christopher Pay**
**Senior Vice President Sales**


**twig**

M:         +44(0)7725 962 179
T:         +44(0)1753 752 464
Faksi:     +44(0)1753 752 233
s-posti:   chris.pay@benefon.com
Kotisivu:  www.benefon.com

Benefon UK, Thames Court, 1 Victoria Street, Windsor, Berkshire, SL4 1YB


Vastuuvapaus- ja luottamuksellisuuslauseke: Benefon ei vastaa tässä esitetyn tiedon sisällöstä. Tämä viesti ja kaikki sen liitteet ovat luottamuksellisia ja tarkoitetut ainoastaan vastaanottajalle. Kenelläkään muulla ei ole oikeutta viestin lukemiseen, jäljentämiseen tai hyödyntämiseen. Mikäli ette ole viestin vastaanottajaksi tarkoitettu henkilö, ottakaa välittömästi yhteyttä numeroon (+44 1753 752 464) ja poistakaa viesti ja kaikki siihen mahdollisesti kuuluvat liitteet järjestelmästänne. Teillä ei ole oikeutta jäljentää tätä viestiä tai sen  liitteitä eikä ilmoittaa sen/niiden sisällöstä kenellekään toiselle henkilölle ja/tai yksikölle.

LIITE
C

19.11.2007

Käännöksen oikeaksi todistaa:
Vantaa, 4.10.2008
*(allekirjoitus)*
(Marja-Liisa Sinivaara)
Virallinen kääntäjä

Asia nro 1:08-cv-20447-JAL   Asiakirja 1   Merkitty Floridan eteläisen piirikunnan alioikeuden rekisteriin 21.2.2008

**Jenkins, Shamele A**

| | |
|---|---|
| Lähettäjä: | Chris Pay [Chris.Pay@benefon.com] |
| Aika: | Maanantai, 21. toukokuuta 2007 klo 4:39 AM |
| Vastaanottaja(t): | Mike Tate; Gerardo Monsalve |
| Asia: | Benefon |

Hyvää huomenta, Mike,

viittaan äskeiseen puhelinkeskusteluumme.

Vahvistan, että ymmärrämme täysin kantanne asiassa, joka liittyy Miamin varastossanne tällä hetkellä oleviin 5.000 tuotteeseen.

Tulemme jatkamaan tiivistä yhteistyötä tiiminne kanssa, jotta tuotteet saadaan myydyksi mahdollisimman nopeasti, emmekä odota saavamme tuotteista maksua, ennen kuin ne on myyty.
Periaatteella tuote kerrallaan.

Kiitos avusta,

Chris


Christopher Pay
Senior Vice President Sales


LIITE
D


Käännöksen oikeaksi todistaa:
Vantaa, 4.10.2008
(Marja-Liisa Sinivaara)
Virallinen kääntäjä